1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN R. GUNNING,

            Petitioner,

    v.

UNITED STATES OF AMERICA,

            Respondent.

Case No.     C05-5121RBL
                CR01-5204RBL

ORDER

15      THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for

16  Reconsideration of Order Striking 2255 Motion (Dkt. #4) in case number C05-5121RBL.

17                          PROCEDURAL HISTORY

18      Defendant has been represented by a string of attorneys throughout these proceedings.[1]  In

19

20       [1] The following representation dates reflect the date the judge signed the order appointing

21  counsel.  Victor Kento represented Defendant in United States District Court for the Central District
of California.  Once transferred to the Western District of Washington, Defendant was represented

22  by Assistant Federal Public Defenders Robert Gombiner and Paula Deutsch from April 20, 2001
through July 23, 2001.  Keith A. MacFie represented the Defendant from July 23, 2001 until March

23  1, 2002.  Ronald D. Ness represented the Defendant from March 11, 2002 until June 13, 2002.
David B. Koch represented Defendant from June 13, 2002 until March 26, 2003.  Roger A. Hunko

24  represented the Defendant From November 4, 2003 until March 25, 2004.  On March 26, 2004
Kenneth W. Sharaga  was appointed to represent Defendant.  Mr. Sharaga  was subsequently

25  replaced by counsel Walter George Palmer on 4/18/05.

26  ORDER - Gunning - 1

1   December, 2000 Mr. Gunning was arrested in Riverside County, California on local charges.

2   Attorney Victor Kento represented Defendant at his initial appearance in United States District Court

3   for the Central District of California on March 8, 2001.  Upon the filing of a complaint by the United

4   States Attorney's Office for the Western District of Washington, a warrant was issued for Mr.

5   Gunning's arrest, and a federal detainer was lodged against him.  On March 21, 2001, the United

6   States filed a two count indictment charging Mr. Gunning with wire fraud in violation of Title 18

7   U.S.C. §§1343 and 2.  Defendant made an initial appearance before Magistrate Judge Monica

8   Benton on April 20, 2001.  On May 8, 2001,  Mr. Gunning pled guilty to wire fraud in violation of

9   Title 18 U.S.C. §§1343 and 2.  Defendant was sentenced on February 8, 2002, and filed Notice of

10  Appeal from the judgment on February 15, 2002.  The Ninth Circuit Court of Appeals remanded for

11  resentencing on October 6, 2003. Defendant was resentenced on February 26, 2004, and his Notice

12  of Appeal was filed on March 4, 2004.   Defendant  filed a §2255 motion on February 16, 2005.  On

13  February 25, 2005, the Court struck Defendant's §2255 motion for lack of jurisdiction because his

14  criminal appeal was pending.   The Ninth Circuit Court of Appeals issued the mandate on April 25,

15  2005, remanding to the District Court for resentencing.  Defendant  was resentenced on May 26,

16  2005 to time served in CR01-5204FDB.  Defendant did not appeal.  On March 9, 2005, and prior to

17  his resentencing, Defendant filed a Motion for Reconsideration of the Court's February 25, 2005

18  Order.  Defendant's Motion for Reconsideration is construed as a Motion to Reinstate his §2255

19  motion.  As such, the Defendant's motion is GRANTED.  We address the merits of Defendant's

20  claims.

21  Fraud in Procuring the Indictment

22      Defendant's claim that the Assistant United States Attorney engaged in fraud in procuring the

23  Indictment is foreclosed by his plea of guilty.  See United States v. Matthews, 833 F.2d 161, 163-64

24  (9th Cir. 1987).

25

26  ORDER - Gunning - 2

1

## INEFFECTIVE ASSISTANCE OF COUNSEL

2        To establish a Sixth Amendment violation of the right to effective assistance of counsel,

3 petitioner must show both that defense counsel's assistance "fell below an objective standard of

4 reasonableness" and that "there is a reasonable probability that, but for counsel's errors, the result of

5 the proceeding would have been different", i.e., defendant would not have pleaded guilty and would

6 have insisted on going to trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), <u>Hill v. Lockhart</u>,

7 474 U.S. 52, 58-59 (1985).

8 <u>Pretrial Proceedings</u>

9        At his initial appearance in United States District Court for the Central District of California

10 on March 8, 2001, a detention hearing was set for March 20, 2001. Defendant claims that his

11 attorney failed to file an appeal of the denial of Defendant's motion for bail, and there was no

12 identification hearing set.  Not being free on bail pending trial does not affect its final outcome, and

13 defendant waived an identification hearing.  Thus, defendant fails to establish prejudice, and  these

14 claims must fail.

15 <u>Trial Counsel</u>

16

17        Paula Deutsch and Robert Gombiner represented the Defendant from April 20, 2001 through

18 entry of Defendant's plea on May 8, 2001. (Dkt. #21).  Defendant argues that his plea was coerced

19 as a result of threats by the AUSA that his wife would be arrested if he did not plead guilty.

20 Defendant also argues that counsel failed to stop the threats, and themselves intimidated Defendant

21 into pleading guilty.  The record of the plea proceeding belies Defendant's contentions.  The plea

22 agreement states that the United States "agrees not to prosecute Defendant's wife for any

23 involvement by her in the fraudulent scheme..." [Plea Agreement p. 5 lines 14-17, Dkt. # 21].

24 During the plea colloquy, in response to the question by the Court, "do you want [Deutsch and

25

26 ORDER - Gunning - 3

Gombiner] to represent you here this morning?  Gunning replied, "yes, sir." (Transcript of Plea, Dkt. 38, p. 3 lines 20-25; p. 4 lines 1-2).  The Defendant acknowledged that his plea was entered into voluntarily, and that no threats or promises, other than promises made within the plea agreement had been made to induce Gunning to enter his plea. (Plea Agreement p. 5 par. 10, Dkt. # 21 lines 5-7). At page 9 of the plea transcript, Defendant stated, "I do not – I believe that there was no coercion..." (Tr. of Plea p. 9, lines 9-12).  Defendant also claims that Ms. Deutsch and Mr. Gombiner failed to properly explain the plea agreement to him.  Gunning does not provide any evidence to support this claim, and the Court's review of the record reflects that defendant entered his plea knowingly and voluntarily.

Defendant claims that Ms. Deutsch and Mr. Gombiner refused to allow him to see discovery. The record does not support this claim; however, even if Gunning's claim is true, he does not indicate how he was prejudiced by his attorneys' refusal to show him the discovery.  The record does reflect that Ms. Deutsch and Mr. Gombiner reviewed the discovery (see Affidavit of Ron Bone, Exh. 1, Dkt. #42), and, after that review and given the strength of the government's case, their advice to the defendant to plead guilty was well within the range of professional competence required of criminal attorneys.  See, Eggleston v. United States, 798 F.2d 374, 376 (9th Cir. 1986).

Defendant also claims that Ms. Deutsch and Mr. Gombiner refused to contact witnesses or seek evidence requested; and failed to investigate mitigating evidence and background.  Defendant fails to identify what evidence he considers mitigating, what evidence he requested, what witnesses would have revealed if contacted, or what effect such information would have had on the outcome of the case.  Defendant's allegations are speculative, conclusory, and fail to establish either deficiency of performance or prejudice.

ORDER - Gunning - 4

1   |   Defendant claims that Ms. Deutsch  was ineffective for not seeking her own removal from

2   Defendant's case once irreconcilable differences arose.  The record shows that after filing a motion

3   to dismiss Deutsch and Gombiner, Defendant filed an Affidavit stating that his disagreements with his

4   attorneys had been settled and he wished to withdraw the motion.  (Docket # 26). Thus, Deutsch

5   was not ineffective for failing to seek her own removal from the case.

6   |   Defendant also alleges that Ms. Deutsch failed to raise the issue of judicial bias  toward

7   Defendant.  Nothing in the record indicates that the judge was improperly biased toward Defendant.

8   Therefore, it was not ineffective assistance for counsel to fail to raise the issue.

9

10  Government Breach of Plea Agreement

11  |   Defendant claims that the Government breached an agreement with him not to oppose a

12  treaty transfer.  In the plea agreement, the government agreed not to oppose Defendant's request to

13  be transferred to the country of which he is a citizen, provided such request be made pursuant to a

14  treaty between the U.S. and the country of which he is a citizen allowing such a transfer.  (Plea

15  Agreement pg. 5 line 22, Dkt. #21).  Defense Counsel Keith MacFie requested that the Court make a

16  recommendation for a treaty transfer on Defendant's behalf, which the court declined to do. There is

17  no indication in the record that the Government opposed such a transfer.  Thus, Defendant's claim

18  fails.

19  Original Sentencing

20

21  |   Attorney Keith MacFie represented Defendant at his original sentencing.  Defendant claims

22  that Mr. MacFie was ineffective in several ways.  Defendant alleges that counsel failed to raise

23  sentencing issues, failed to allow Defendant discovery, failed to notify the Court of threats by the

24  AUSA, failed to mention the ineffectiveness of Defendant's prior attorneys, failed to inform the court

25  that Defendant had only three days prior to sentencing to review the PSI report, failed to give timely

26  ORDER - Gunning - 5

notice to the court of "numerous erroneous facts" set out in the PSI report, failed to file a Jencks motion, failed to notify the court of a coerced plea agreement, failed to seek an evidentiary hearing on the amount of funds defrauded from investors, and failed to investigate mitigating evidence and background.

In fact, Mr. MacFie addressed ineffectiveness of counsel in his motion to withdraw Defendant's plea, and filed a sentencing memorandum on Defendant's behalf in which he addressed alleged errors in the presentence report.  Defendant was provided with copies of the original and revised presentence report which he reviewed with Mr. MacFie.  Defendant fails to indicate what sentencing issues Mr. MacFie failed to raise, and Defendant agreed to restitution amounts in the plea agreement.  Furthermore, Defendant indicated at sentencing that he was satisfied with counsel's representation, including issues surrounding discovery. Defendant's remaining allegations are vague, conclusory, and fail to establish either prong of the Strickland test.

Ronald Ness and David B. Koch, Counsel on Appeal

Defendant claims that counsel failed to raise the issue of ineffective assistance of prior counsel.  Ineffective assistance of counsel is properly brought in a motion under §2255, rather than on direct appeal.  Thus, there was no error in the failure of Ronald Ness or David Koch to raise the issue on appeal.  Defendant also alleges that Mr. Koch was ineffective for failing to raise the issues of plea coercion and "evidentiary hearing about funds." (Defendant's 2255 memorandum in support). These issues have been addressed in the foregoing paragraphs, and the Court finds no ineffectiveness in counsel's failure to raise them, for the reasons previously stated.

Roger Hunko, Counsel at Resentencing

Defendant alleges that Roger Hunko failed to call witnesses to the resentencing in defense of minor role adjustment, failed to raise the issue of Judge Tanner's bias; refused to appeal Judge

Tanner's denial of the right to psychological testing to determine possibility of a diminished capacity defense; failed to timely file a revised presentence report; refused to allow Defendant to speak to the probation office, failed to seek an evidentiary hearing about the amount of funds owed for resentencing purposes, and failed to call to the court's attention that Defendant had no right of allocution at his previous sentencing.  These contentions lack merit.

During the plea, Defendant indicated he's never had any reason to see a psychiatrist or psychologist. [Tr. Plea, p. 7 line 6-8, Dkt. #38].  Nonetheless, when Defendant filed a letter raising concern as to his mental condition, the Government and defense counsel discussed, and the Government filed, a motion for competency evaluation.  Defendant was found to be competent.  There is no evidence that facts existed which could have established a diminished capacity defense in this case, therefore it was in the realm of reasonable conduct for counsel not to pursue such a defense.   Nothing in the record indicates that Defense counsel failed to allow Defendant to speak to the probation office.  Assuming that counsel advised against it, such conduct does not amount to ineffective assistance of counsel.  Defendant does not indicate what pretrial motions he contemplated, or even that filing pretrial motions was appropriate based on the evidence in this case.  Defendant cannot show that he was thereby prejudiced.

There is no evidence counsel refused to allow Defendant to be interviewed by the probation department, and any prejudice from denial of the right to allocution was remedied by the Ninth Circuit remand for the purpose of allowing the court to render findings on a minor role adjustment, and to allow defendant the right of allocution.  Thus, there is no merit in Defendant's contention that counsel's representation fell below an objective standard of reasonableness.

ORDER - Gunning - 7

1

<u>United States v. Booker</u>

2

Defendant claims his Sixth Amendment right was violated because the sentencing court,

3

rather than the jury, made the factual findings which enhanced his sentence.  The Defendant's

4

conviction became final before <u>United States v. Booker</u>, 125 S.Ct. 738 (Jan. 12, 2005) was decided.

5

The United States Supreme Court has not made <u>Booker</u> retroactive to cases on collateral review.

6

<u>See</u> <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005).  The record and files herein

7

conclusively show that Defendant is entitled to no relief.  Accordingly, Defendant's motion is

8

DENIED.

9

In order for an appeal to proceed, this Court must issue a Certificate of Appealability.  <u>See</u> 28

10

U.S.C. §2253; <u>United States v. Asrar</u>, 108 F.3d 217 (9th Cir. 1997).  For the certificate to issue, this

11

Court must determine that "the applicant has made a substantial showing of the denial of a

12

constitutional right" and the Court must "indicate which specific issue or issues satisfy the showing."

13

28 U.S.C. 2253(c)(2)-(3).  If the Court denies the certificate, it must "state the reasons why such a

14

certificate should not issue."  Fed.R.APP.P. 22(b); <u>Asrar</u>, 108 F.3d at 218.

15

For the foregoing reasons, the Court declines to issue a Certificate of Appealability because

16

Defendant has failed to make "a substantial showing of the denial of a constitutional right."  28

17

U.S.C. §253(c)(2).

18

DATED this 23rd day of March, 2006.

19

20

21

22

23

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

24

25

26

ORDER - Gunning - 8